J. I. TRIPLETT, *Appellant,* v. LOUIS BUCHOLTZ, *Appellee.*

Division B.

Opinion filed May 15, 1930.

Petition for rehearing denied June 26, 1930.

*Reynolds, Rogers & Towers,* of Jacksonville, for Appellant;

*George M. Powell,* of Jacksonville, for Appellee.

PER CURIAM.—This is a suit by a vendee seeking rescission of an executory contract for the sale of lands, a return of the earnest money, and the impressing of a lien therefor on the land. From a decree awarding the relief prayed for, the vendor appealed.

The contract of sale provided that the lands should be conveyed by warranty deed, free and clear of incumbrances, with certain expressly designated exceptions. Amongst other things, the contract contained the following provision: ''It is also understood that at the present time there is in existence a certain lease between J. I. Triplett (the vendor), and G. G. Gans on which the said G. G. Gans is now in default and has failed to comply with the covenants therein contained and the seller has exercised his option therein contained to cancel said lease and has so notified the said G. G. Gans; that the seller will take prompt action to evict said tenant if necessary and will prosecute said action if the same becomes necessary to a speedy conclusion and deliver possession of the part of said premises described in said lease to G. G. Gans to the pur-

chaser within one year from the date of consummation of this transaction during which time the seller will assure to the purchaser the rental as specified in said lease."

The deed tendered by the vendor did not conform to that provision of the contract last quoted, but, as an exception to the covenant against incumbrances contained the following: * * * That said land is subject to that certain lease between the said J. I. Triplett and G. G. Gans, made and entered into on the........day of............, A. D. 19...., as to which last mentioned lease, however, the lessee is now in default."

The vendee's attorney declined to accept the deed as tendered upon the ground that it did not conform to the terms of the contract as to the disposition of the Gans lease, and insisted that the full agreement appearing in the contract be written into the deed. As the vendor was in a distant city, having left an executed deed for delivery to the vendee, the vendor's attorney suggested that the additional obligation as to the Gans lease, as insisted upon by the vendee's attorney, be written into the purchase money mortgage which was to be executed by the vendee representing a part of the purchase price. The vendee's attorney tentatively assented to this plan, but the two attorneys could not agree on the form of the obligation.

The vendor's attorney prepared a mortgage containing, amongst other things, the following language as an exception to the covenant against incumbrances: "except that part of said land is subject to that certain lease between the mortgagee and G. G. Gans, made and entered into on the.........day of............., A. D. 19...., as to which last mentioned lease, however, the lessee is now in default; and as to which last mentioned lease said mortgagee has agreed and by the acceptance of this mortgage does hereby covenant to evict said tenant Gans and deliver

possession of the property covered by said lease to said Louis Bucholtz, his heirs and assigns, within one year from the date of this instrument and, until possession is so delivered within one year, to assure to said Louis Bucholtz the rent reserved in said lease.''

The vendee was unwilling to sign the mortgage with the above language in it unless the following was added: ''If the mortgagee fails or refuses to keep the covenants herein contained as to the eviction of Gans within one year, this mortgage and notes hereby secured, and interest thereon, shall be abated to extent of damage sustained by the mortgagors or assigns by reason of such failure.'' The vendor refused to agree to the additional provision last quoted, whereupon negotiations ceased and this suit followed.

The complainant-vendee was not justified in insisting upon the insertion in the mortgage of the additional clause proposed by him and last above quoted. That obligation would have afforded the vendee an additional remedy for a breach—an abatement *pro tanto* of the note secured by the mortgage—to which the vendee was not entitled under the contract of sale. On the other hand, the vendee was entitled to a deed which conformed to the terms of the contract of sale. Acceptance of the deed in the form tendered, to say the least, would have raised a serious question between the vendor and vendee as to whether the additional undertaking of the vendor to evict the tenant Gans had been waived by the vendee, and the vendor released from such obligation, in which event the burden and hazard of evicting the tenant would have been shifted from the vendor to the vendee.

The vendor contends that his agreement to evict the tenant was a mere collateral agreement to perform an incidental act in the future, which agreement would not be merged into the executed contract—the deed—but would

survive the same, and that it was therefore unnecessary to reiterate that agreement in the deed. We cannot assent to that view. Delivery of possession is a material element in the conveyance of land. The agreement in question related to the possession of a portion of the estate the vendor agreed to convey and which was to pass by the deed. It was therefore not a mere incidental, independent, or collateral undertaking. The vendor agreed to convey a marketable title. With the deed in the form tendered, the title could not be said to be free from all reasonable doubt as to that portion of the premises subject to the Gans lease, or as to who should bear the burden of evicting the tenant, or as to who should suffer the hazards of the outcome of that proceeding. The vendee was therefore justified in his refusal to accept the deed in the form tendered.

The vendee's attorney, it is true, asked for too much in the covenant proposed by him to be inserted in the mortgage, as the covenant went beyond the terms of the contract of sale. The vendor, had he not been himself in default, would have been justified in his refusal to accept the form of covenant provided by the vendee. But as the vendee was entitled in the first place to a deed containing the additional covenant relative to the eviction of the lessee Gans, and the possession of that portion of the property, as set out in the contract of sale, and as no deed containing such a covenant, or its equivalent, was ever tendered, the vendor can not interpose as a defense against rescission the unjustifiable demand of the vendee, since the vendor first failed to comply with the contract himself. The vendee was under no obligation to assent to the inclusion in the purchase money mortgage of the agreement relative to delivery of possession of the portion of the lands affected by the lease. The vendee was justified in demanding a deed which conformed to the terms of the contract of sale

as to the Gans lease, and as no such deed was ever tendered, though a reasonable time therefor had elapsed, such default on the part of the vendor warranted a rescission at the instance of the vendee.

Affirmed.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.